(No. 3611— )

L. B. STRANDBERG & SON CO., AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

RATHJE, HINCKLEY, BARNARD & CULP, (JOHN J. DOWDLE AND WALTER W. DUFT, of Counsel) for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

On April 4, 1936, claimant and respondent entered into a contract for the construction of State Bond Issue Route 55, Project #NRM-377A, Section #55SD NRM 1, Cook County, Illinois. Claimant was then known as "The Strandberg Brothers Company." On May 27, 1937, its charter was amended, and its corporate name changed to "L. B. Strandberg & Son Co." Claimant subsequently completed performance of the contract to the satisfaction of the respondent and respondent paid claimant, under the terms of contract, the sum of Fifty-eight Thousand One Hundred Fifty-seven and 47/100 Dollars ($58,157.47).

Claimant alleges, however, that respondent failed and refused to compute the item designated in the contract, "Class X Concrete" in accordance with the method of measurement provided for in the contract and that because of such failure and refusal, claimant suffered damages in the amount of One Thousand Nine Hundred Fifty Dollars ($1,950.00). Claimant also alleges that it was delayed in starting work by the acts of the respond-

ent and its engineer, was delayed in the progress of the work upon the order and at the direction of the respondent's engineer, and that because of such delays it suffered damages in the amount of One Thousand Seventy-seven and 46/100 Dollars ($1,077.46). The claimant further alleges that because of the delay caused by the respondent, and the rules and regulations of the Department of Public Works and Buildings, it was prevented from bidding on additional work of the respondent, and thereby suffered damages in the amount of Six Thousand Nine Hundred Sixty-seven and 26/100 Dollars ($6,967.26), or a total sum of Nine Thousand Nine Hundred Ninety-four and 72/100 Dollars ($9,994.72).

The respondent has moved to dismiss the claim on the ground that claimant's acceptance of final payment under the contract was a complete release to the respondent. In support of the motion, respondent filed affidavit of M. K. Lingle, Engineer of Claims, Division of Highways, Department of Public Works and Buildings. From the affidavit it appears that Division 1, Section 9, Article 9.7 of the Standard Specifications for Road and Bridge Construction, adopted by the Department of Public Works and Buildings of the State of Illinois on January 2, 1932, formed part of the contract in question. This section provides in part as follows:

"Whenever the improvement provided for by the contract shall have been completely performed on the part of the Contractor, and all parts of the work have been approved by the Engineer and accepted by the Department, a final estimate showing the value of the work will be prepared by the Engineer as soon as the necessary measurements and computations can be made, all prior estimates upon which payments have been made being approximate only and subject to the correction in the final payment. The amount of this estimate, less any sums that have been deducted or retained under the provisions of the contract, will be paid to the Contractor as soon as practicable after the final acceptance, provided the Contractor has furnished to the Department satisfactory evidence that all sums of money due for any labor,

materials, apparatus, fixtures, or machinery furnished for the purpose of such improvement have been paid or that the person or persons to whom the same may respectively be due have consented to such final payment.

"The acceptance by the Contractor of the last payment as aforesaid shall operate as and shall be a release to the Department from all claims or liability under this contract for anything done or·furnished or relating to the work under this contract, or for any act or neglect of said Department relating to or connected·with this contract."

It also appears from this affidavit that a final estimate was prepared by the Department of Public Works and Buildings, State of Illinois, pursuant to this provision; that such final payment estimate for Ninety Thousand Three Hundred Fifty-five and 72/100 Dollars ($90,355.72) was scheduled by the Department of Public Works and Buildings to the Auditor of Public Accounts for payment to claimant; that the Auditor issued his warrant, countersigned and registered by the Treasurer of the State of Illinois, in the amount of Ninety Thousand Three Hundred Fifty-five and 72/100 Dollars ($90,355.-72); and that this warrant was sent to claimant by the Auditor, was received, accepted, and deposited for payment by claimant, and was paid by the Auditor of Public Accounts. A photostatic copy of final payment warrant is attached to the motion.

Prior to acceptance of this warrant, however, at a meeting held in the district highway office in Chicago on November 10, 1937, C. M. Hathaway, Engineer of Construction of the Department of Public Works and Buildings, Division of Highways, advised claimant that acceptance of such final payment would not be considered a release. On November 16th, claimant confirmed this conversation by letter, receipt of which was promptly acknowledged by Mr. Hathaway. Claimant contends that the respondent thereby waived the release provision of the contract, and that the motion to dismiss should therefore be denied.

Claimant concedes that where public officers derive their powers from statute, all persons dealing with them are bound to take notice of the statutory limitations, and are bound to see that such officers are acting within the scope of their authority. But claimant contends that the alleged waiver of the release provision was purely an administrative act provided for by the contract itself, citing Section 5 of the Standard Specifications, which formed part of the contract, and which provides as follows:

"Authority of Engineer. All work shall be done under the supervision of the Engineer and to his satisfaction. He shall decide all questions which arise as to the quality and acceptability of materials furnished, work performed, manner of performance, rate of progress of work, interpretation of plans and specifications, acceptable fulfillment of the contract, compensations and disputes and mutual rights between contractors under these specifications."

Claimant contends that this provision was in accordance with the right and duty of the Director of the Department of Public Works and Buildings to prescribe rules and regulations fixing the duties of all persons employed by the Department; that a dispute arose under the provisions of the contract, and the engineer, exercising the power properly delegated to him, resolved the dispute in favor of the claimant except as to a determination of the amounts due.

The Department of Public Works and Buildings is a governmental agency created by the General Assembly. Section 4 of the Civil Administrative Code (Chap. 127, Ill. Rev. Stat.), provides that each department of the State Government shall have an officer at its head who shall be known as a director, and who shall, subject to the provisions of the act, execute the powers, and discharge the duties vested by law in his respective department. It creates the office of Director of Public Works

and Buildings for the Department of Public Works and Buildings. The Road and Bridge Act (Chap. 121, Ill. Rev. Stat.) provides for the powers and duties of the department. Section 3, Subsection 2, provides that the department shall prescribe rules and regulations, not inconsistent with law, fixing the *duties* of all persons employed in the department. It does not provide for the delegation to minor officials of the power and duties vested by law in the director of the department. Section 6 of an ''Act in Relation to State Highways'' (Sec. 296, Chap. 121, Ill. Rev. Stat.) provides that the Department shall have power to contract for the construction and maintenance of State highways.

The court is of the opinion that the duties of C. M. Hathaway, the construction engineer, were purely administrative; that his attempt to waive the release provision of the contract was not an administrative act, but was an attempt to exercise the power of the director of the department to contract on behalf of the State of Illinois. To conclude otherwise, would enable an employee of a department to contract an indebtedness against the State wholly without authority. The Engineer of Construction, being without authority to waive the release provision of this contract, acceptance of final payment by the claimant constituted a full release to the respondent.

Motion to dismiss is granted; claim dismissed.